UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

TOSHIA COOPER, 6128 Surrey Square Lane #204, District Heights MD 20747
Plaintiff, 202-352-4179

v.

JEH JOHNSON, Secretary, FEMA Office of Chief Counsel, 500 C Street S.W, Washington DC 20024, 202-646-3696 (and)
Department of Homeland Security, Agency
Defendant. Agatha Swick Esq, Office of Chief Counsel - TSA, Headquarters - East Tower, 601 South 12th Street, Arlington VA, 20598-6002 - 703-563-3150

EEOC No. 570-2014-00689X
Agency No. HS-FEMA-01188-2013

Case: 1:17-cv-00010
Assigned To : Jackson, Amy Berman
Assign. Date : 1/4/2017

**COMPLAINT**

**For Harassment, Hostile Work Environment, Retaliation, Discrimination and Wrongful Termination Complaint in Federal Employment**

1. Plaintiff, Toshia Cooper (hereinafter "Plaintiff") proceeding Pro Se, brings this action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., to remedy the acts of employment harassment, discrimination, hostile work environment, retaliation reprisal, wrongful termination perpetrated against her from her supervisor Ashley Darbo (hereinafter "Ms. Darbo") of the Department of Federal Emergency Management Agency (FEMA).

**Jurisdiction**

2. The United States District Court for the District of Columbia has the jurisdiction over the subject matter of this civil action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.,

**Plaintiff Employment Duties**

3. The Plaintiff, Toshia Cooper, an African-American female worked for FEMA from October 2011 through April 2013. In her position at FEMA she was a cadre of recovery employee core GS-7 step 2 level legal secretary. The position was a two-year federal appointment in the Office of the Chief

RECEIVED
DEC - 6 2016
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

Counsel (OCC), Mission Support Division. She provided a variety of legal administrative duties some as follows: Interacted, communicated with and legally supported 9 attorneys. Managed the office correspondence, provided the agency notary services, drafted, edited and responded to emails, mailed and/or reviewed correspondence for correctness of grammar, format and punctuation, maintained forms, charts, reports and spreadsheets, maintained files, briefs, court pleading, established and maintained logs showing the status of case actions and to ensure their entry into databases. The Plaintiff also answered multi-lined telephone calls for the Chief Counsels Office.

**Factual Summary**

4.   The Plaintiff alleges that her immediate supervisor Ms. Darbo, harassed, discriminated, retaliated and wrongfully terminated her after she engaged in protected activity *twice* to Mr. Joshua Stanton, (*the supervisor of Ms. Darbo*) on June 5, 2012 and November 28, 2012. On a third time the Plaintiff engaged in protected activity and consulted with Mr. Doug Goudy, EEOC President on October 24, 2012 and April 19, 2013.

5.   She complained to both Mr. Joshua and Mr. Doug that she was being harassed and treated differently than Caucasian employees in the office. The Plaintiff fully expressed to Mr. Joshua that Ms. Darbo's demeanor was cold and distant towards her and she was unapproachable. She also informed him that Ms. Darbo didn't interact with her, would single her out, which made her feel unwelcomed when she had asked questions concerning her work. Mr. Joshua informed the Plaintiff that he would talk to Ms. Darbo because mistreatment was not acceptable. Mr. Joshua informed Ms. Darbo's immediate supervisor Ms. Leigh Hoburg about the Plaintiff mistreatment complaints on June 5, 2012. Furthermore, Ms. Hoburg warned Ms. Darbo of the Plaintiff's complaint via email on June 5, 2012 stating *"Toshia complained to Josh. Let's address this face to face later."* (**See Exhibit A**)

6. The Plaintiff asserts that after the complaints, Ms. Darbo got mad and got even and further mistreated her as she was singled out continuously when she was told by her supervisor Ms. Darbo that she does not have (2) 15 minute breaks; reduced to a 30 minute lunch break; ordered to submit a weekly *timed* work summary; used her flexible schedule against her; issued a Letter of Reprimand (LOR) for sending an overnight mail request to a judge; brought her to tears when instructing her to use her personal sick leave for visiting the FEMA agency nurse; rebelled against excused absence/administrative leave for visiting the FEMA nurse; adversely withheld from her annual performance rating on April 19, 2013 including a review; then finally terminated from her federal service employment.

**Wrongful Termination Facts**

7. On April 19, 2013 Ms. Darbo deceived the Plaintiff and unclearly notified her of having poor performance then terminated her. Ms. Darbo did not mention what critical elements she/Plaintiff was failing in. The Plaintiff requested to see a copy of her performance appraisal but Ms. Darbo stated that she *did not* have it. The Plaintiff asked her supervisor "How are you terminating me but don't have any proof to show what was poor about my performance?" Ms. Darbo did not explain.

8. However, Ms. Darbo had the Plaintiffs annual performance evaluation because it was signed by her on December 27, 2012. Ms. Leigh Hoburg (*Ms. Darbo's immediate supervisor*) approved the evaluation with signature dated on April 9, 2013. (***See Exhibit B***).

9. Ms. Darbo maliciously interfered with the Plaintiffs work performance numerous times and employment productivity which created a hostile offensive work environment to deliberately withhold her performance evaluation from view. This discriminatory intent provided a severe adverse action towards the Plaintiff as all of the Caucasian staff was provided their performance evaluation and the Plaintiffs was withheld even on the date she was terminated.

10. The Plaintiff was given a settlement agreement and felt coerced into signing it and was told that she could resign from her position at FEMA. Ms. Darbo and Ms. Kelly Stevens of HR informed her/Plaintiff that a termination would not be on her record by signing and that she/Plaintiff would stay on paid leave for another 30 days and *would not* receive a final rating for 2012 which the Plaintiff deserved. (***See Exhibit C-Ce***)

11. On April 23, 2013 (4 days after) her termination, the Plaintiff received her annual performance appraisal and termination letter via email. For the first time the Plaintiff was made aware that she was terminated for reasons of communication, articulation and solution oriented. (***See Exhibit D-Db)***

**Plaintiff Achievements Facts**

12. According to the Plaintiffs SF-50 which was approved and effective on October 21, 2012 within the comment section of the SF-50 it states: ***"Work performances is at an acceptable level of competence."*** (***See Exhibit E***)

13. The Plaintiff also received a *day off award*; received a *cash award* and a *step increase in pay* status. She also received several letters of recommendations praising her work from the attorneys she legally supported. (***See Exhibit F)***

14. According to the Plaintiffs performance evaluation that was emailed to her on April 23, 2013 an additional 4 days after her termination. Ms. Darbo rated the Plaintiff with such high reviews and damaging adverse ratings that contradicts the Plaintiff pay increase in her (**SF-50 - Exhibit E**).

| | | | |
|---|---|---|---|
| Legally Sufficient - | Achieved Expectations | Communication – | Unacceptable |
| Timely Services - | Achieved Expectations | Articulate - | Unacceptable |
| Customer Services - | Achieved Expectations | Solution Oriented - | Unacceptable |
| Representing the Agency - | Achieved Expectations | | |
| Teamwork and Cooperation - | Exceeded Expectations | | |
| Technical Proficiency - | Achieved Expectations | | |

15. The Plaintiff justifies with admissible material evidence that she has suffered major depression mentally, financially and emotionally because of her termination. Having been diagnosed with severe depressive disorder and symptoms of insomnia, sleeplessness, anxiety, excessive hopelessness, workplace insult, humiliation, stress and loss of self-esteem, she had received 14 sessions of rehabilitation psychological therapy treatment. In her inability to concentrate or cope with her disorder the Plaintiff has to take medication. The trauma had negatively impacted her and her family and her marriage ended in divorce. As a remedy for her complaint, she requests back and front pay; her full 401 K contributions; accrued annual leave pay; the termination removed from her federal record; payment for her emotional and mental damage, compensation for court cost/out of pocket pecuniary loses and all remedies available to bring the Plaintiff whole under the law.
(***See Exhibit G-Ga***)

## LEGAL CLAIMS

A.   **COUNT ONE**

**(Harassment and Retaliation Discrimination in Violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.)**

The forgoing paragraphs here and above are reincorporated by reference herein.

The Defendant's intentional conduct as asserted at length herein constitutes discrimination based on race in whole or in part is in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

B.   **COUNT TWO**

**(Reprisal for Engaging in Protected Activities)**

The foregoing paragraphs here and above are asserted and incorporated by reference herein. The Defendant's conduct as asserted above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

C.   **COUNT THREE**

**(Employment Non-Sexual Harassment)**

The Plaintiff asserts by reference to each allegation contained herein and above that the Plaintiff's supervisor conduct was severe and pervasive to alter the terms of her employment and created a work environment that a reasonable person would consider intimidating, hostile, and abusive.

D.   **COUNT FOUR**

**(Hostile and Abusive Working Environment)**

The foregoing paragraphs are asserted by the Plaintiff experience and incorporated by reference herein and above constitutes hostile and abusive working environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide Defendant's discriminatory animus.

## Humble Prayer for Relief

WHEREFORE, the Plaintiff requests that the court award her:

(a) Front pay and back pay at the GS-7 step 2 level (including pay increases, bonuses, financial awards, step/grade increase, 401 K full contributions, with interest thereon from the point of termination date of April 19, 2013 until employment began date of February 2015 in the amount of $90,000.00; and other damages and further relief as deemed just.

(b) The sum of $300,000.00 in compensatory damages of emotional distress suffered because of the discrimination, abusive hostile work environment, harassment, retaliation, wrongful termination.

**JURY DEMANDED**

The Plaintiff requests trial by jury.

Respectfully submitted,

*Toshia L. Cooper* (Plaintiff)
Pro Se
6128 Surrey Square Lane #204
District Heights, Maryland 20747

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing **Complaint for Harassment, Hostile Work Environment, Retaliation, Discrimination and Wrongful Termination in Federal Employment with exhibits attached hereto** has been served by US first-class mail, postage prepaid on this _6_ day of December 2016 to the following:

Defendants:

The Honorable Jeh Johnson
Secretary of Homeland Security
Washington, D.C.  20528

Federal Emergency Management Agency (FEMA)
Office of Chief Counsel
500 C Street S.W.
Washington, DC 20024

Agatha Swick, Esq.
Office of Chief Counsel
Transportation Security Administration
TSA Headquarters, East Tower
601 South 12th Street
Arlington, VA  20598-6002
(703) 563-3150
(571-227-1381 (fax)

Respectfully submitted,

*(signature)*
Toshia Cooper (Plaintiff)
6128 Surrey Square Lane #204
District Heights, Maryland 20747
202-352-4179

*Exhibits Enclosed/Attached*